UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
TRUSTEES OF THE BUILDING TRADES
EDUCATIONAL BENEFIT FUND, THE BUILDING
TRADES ANNUITY BENEFIT FUND,
BUILDING TRADES WELFARE FUND, and
ELECTRICIAN'S RETIREMENT FUND,

                      Plaintiffs,                    **REPORT AND**
                                                                  **RECOMMENDATION**
    -against-                                       CV 17-5161 (DRH)(ARL)

TANACHION ELECTRICAL
CONTRACTING, INC.,

                      Defendant.
------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      This matter was referred to the undersigned by District Judge Hurley for the purpose of issuing a report and recommendation on whether the pending motion for a default judgment should be granted and, if so, the appropriate relief to be awarded to Plaintiffs.  The Plaintiffs have submitted a memorandum of law and the Affidavits of Danielle M. Carney and Albert Alimenia along with exhibits in support of their motion.  Despite having been served with the motion, the Defendant has not submitted papers in opposition to the motion.  Based upon the evidence submitted, the undersigned recommends that the motion for a default judgment be granted and that Plaintiffs' request for damages be denied with leave to renew.

**I.**        **Factual Background**

      The following facts are taken from the complaint as well as the motion for default judgment, supporting papers and attached exhibits.  The Plaintiffs, Trustees of the Building Trades Educational Benefit Fund, The Building Trades Annuity Benefit Fund, Building Trades Welfare Benefit Fund and Electrician's Retirement Fund ("Plaintiffs" or "Funds"), filed a

complaint on August 31, 2017, against Tanachion Electrical Contracting Inc. ("Defendant" or "Tanachion").  Plaintiffs seek to recover unpaid fringe benefit contributions owed by the Defendant pursuant to Defendant's collective bargaining agreement with the United Electrical Workers of America Local 363 IUIJAT ("Union").  Defendant executed a collective bargaining agreement ("CBA") with the Union via an Assumption Agreement and their membership in the Building Industry Electrical Contract Association.  Affidavit of Albert Alimenia, dated Mar. 20, 2018 ("Alimenia Aff.") 2.  This action is based on Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  Compl. ¶ 1.  Plaintiffs are Trustees of the Funds within the meaning of 29 U.S.C. § 1002(21)(A). *Id*. ¶ 5.  The Funds are "employee benefit plans" and "multiemployer plans" within the meaning of 29 U.S.C. §§ 1002(3) and (37).  *Id*.  The Funds are authorized to collect contributions.  *Id*. at ¶¶ 5-6.  Defendant is an employer within the meaning of 29 U.S.C. § 1002(5).  *Id*. at ¶ 8.

       The CBA requires Tanachion to (1) make contributions to the Funds on behalf of its workers who perform work covered by the CBAs found due and owing; and (2) submit contribution reports setting forth the hours that each employees worked and the amount of contributions due pursuant to the rate schedules set forth in the CBA.  *Id*. at ¶11.  The CBA provides that if contributions are not made when due that in addition to paying the contribution owed  Defendant shall also pay of (a) the amount of interest due on the delinquent contributions calculated at the prime rate as stated in Federal Reserve Statistical Release on the date contributions are due plus two percent and (b) liquidated damages equal to 20% of the delinquent contributions; and (c) all costs of collecting the payments due, including without limitation, attorney's fees and costs.  Alimenia Aff., Ex. A at p.17.  Plaintiffs allege that Defendant breached the agreements by failing to remit the required contributions to the Funds.

Compl. ¶13.

## II.     Procedural Background

Plaintiffs filed the complaint in this action on August 31, 2017. The summons and complaint were served on Tanachion on September 14, 2017. Tanachion never answered or otherwise responded to the Complaint. On November 28, 2017, Plaintiffs filed a request for a certificate of default with the Clerk of the Court. The Clerk of the Court issued the certificate of default on November 30, 2017. Plaintiffs filed the instant motion for a default judgment, which was served upon Tanachion on March 28, 2018. By Order dated March 29, 2018, District Judge Hurley referred Plaintiffs' motion for default judgment to this Court. Defendant has not opposed the motion for default judgment or responded in any way.

## DISCUSSION

## I.     Legal Standard Governing Default Judgments

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments. First, the Clerk of the Court enters the party's default. Then, as here, a motion for a default judgment is made to the district court judge. A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Restaurant Corp.,* No. 06 Civ. 1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (a default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true). However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F3d 114, 137 (2d Cir. 2011) (suggesting that "a district

3

court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. V. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F. 2d at 159. An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citation omitted). Here, the documentary evidence submitted by the Plaintiffs provide the basis for the award. *See Action S.A. v Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991).

**II.     Liability**

Accepting the allegations in the complaint as true, Plaintiffs have asserted valid claims under ERISA. ERISA requires employers to pay fringe benefit contributions pursuant to a valid collective bargaining agreement. 29 U.S.C. § 1145. Specifically, the statute states that

> [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

Here, Plaintiffs have asserted that defendant Tanachion entered into CBAs with the Union and failed to pay contributions determined to be due and owing by the Funds' auditors. Thus, Plaintiffs have sufficiently set forth the elements of a claim for unpaid contributions and accompanying liability under ERISA against Defendant. Thus, this Court respectfully

recommends that a default judgment be granted.

**III.     Damages**

ERISA provides a right of recovery to plaintiffs who have established liability under Section 515 for unpaid contributions, interest, liquidated damages, reasonable attorneys' fees and costs, and such other legal relief as the court may deem appropriate. 29 U.S.C. § 1132(g)(2). In support of their request for an award of damages, Plaintiffs have submitted the following documents: (1) Affidavit of Danielle M. Carney, Esq., counsel for Plaintiffs dated Mar. 26, 2018 ("Carney Aff."); (2) Affidavit of Albert Alimenia Fund Manager for the Funds; and (6) Plaintiffs' Memorandum of Law In Support of an Award of Damages. The Court will determine damages based on the documentary evidence.

ERISA section 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A), provides for an award of unpaid contributions by Defendant. An audit report provides sufficient proof of damages for unpaid fringe benefit contributions. *Trs. of the Operative Plasterers' & Cement Masons' Int'l Ass'n Local 262 Welfare Fund v. Emerald Drywall Finishing Corp.*, No. 14-CV-4631 (JGK) (JLC), 2015 U.S. Dist. LEXIS 100467, 2015 WL 4621534 (S.D.N.Y. July 31, 2015). Plaintiffs have submitted an audit report establishing that Defendant has failed to make contributions to the funds for the period July 1, 2014 through December 31, 2016 totaling $6,024.56 – the amount of the unpaid contributions reduced by the amount overpaid (according to the audit). Alimenia Aff., Ex. C. In the Complaint, Plaintiffs seek to recover $7,779.46, which is the unpaid fringe benefit contribution unadjusted for the overpayment in prior periods. Compl. ¶ 16. In the Plaintiffs' Memorandum of Law In Support of An Award of Damages, the Carney Affidavit and the Alimenia Affidavit, Plaintiffs seek to recover unpaid fringe benefit contributions of $5,149.95. *See* Pl. Mem at 4; Carney Aff. at ¶7; Alimenia Aff. at ¶5. Because no explanation is

offered for the difference between these amounts the Court is unable to determine the amount of unpaid contributions and respectfully recommends that Plaintiffs' request for damages be denied with leave to renew upon the submission of further, consistent evidence in support of Plaintiffs' damage claim.  Similarly, the Court recommends that Plaintiffs be required to provide the basis for their interest calculations, including the dates used to determine the applicable interest rate.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below.  Counsel for the Plaintiffs shall serve a copy of this Report and Recommendation on the Defendant upon receipt and shall file proof of service with the Court.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service.  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See* 28 U.S.C. §636(b)(1); FED. R. CIV. 72; *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
December 20, 2018

_____s/_____
ARLENE R. LINDSAY
United States Magistrate Judge