UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
TRUSTEES OF THE BUILDING TRADES
EDUCATIONAL BENEFIT FUND, THE BUILDING
TRADES ANNUITY BENEFIT FUND,
BUILDING TRADES WELFARE FUND, and
ELECTRICIAN'S RETIREMENT FUND,

                          Plaintiffs,                    **REPORT AND**
                                                         **RECOMMENDATION**
         -against-                                       CV 17-5161 (DRH)(ARL)


TANACHION ELECTRICAL
CONTRACTING, INC.,

                          Defendant.
-----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

        The Plaintiffs, Trustees of the Building Trades Educational Benefit Fund, The Building

Trades Annuity Benefit Fund, Building Trades Welfare Benefit Fund and Electrician's

Retirement Fund ("Plaintiffs"), filed a complaint on August 31, 2017, against Tanachion

Electrical Contracting Inc. ("Defendant").  Presently before the Court is Plaintiffs' renewed

request for damages, which was referred to the undersigned by District Judge Hurley for the

purpose of issuing a report and recommendation.  Despite having been served with the motion,

the Defendant has not submitted papers in opposition to the motion.  Based upon the evidence

submitted, the undersigned recommends that damages be awarded in the amount of $5,149.95 in

unpaid contributions, $790.55 in interest on unpaid contributions, $1,029.99 in liquidated

damages, $2,488.51 in accounting fees and $2,706.75 for attorney's fees and costs, for a total

award of $12,165.75.

## BACKGROUND

        The Court presumes familiarity with the facts and procedural history of this case and only

includes those facts that are necessary for resolution the instant motion.  On December 20, 2018, this Court recommended to Judge Hurley that Plaintiffs' motion for a default judgment be granted and that Plaintiffs' request for damages be denied with leave to renew upon the submission of further, consistent evidence in support of Plaintiffs' damage claim.  In addition, this Court recommended that Plaintiffs be required to provide the basis for their interest calculations, including the dates used to determine the applicable interest rate.  By order dated February 7, 2019, Judge Hurley adopted the report and recommendation of this Court and directed Plaintiffs to file a renewed request for damages.

On March 4, 2019, Plaintiffs filed the renewed motion for damages and submitted additional, consistent support for their request.  In response to the Court's initial denial without prejudice of Plaintiffs' motion for damages, Plaintiffs have submitted an Affidavit of Danielle M. Carney dated March 4, 2019 along with exhibits in support of their motion ("Second Carney Aff.").  In support of their original motion, Plaintiffs submitted the Affidavit of Albert Alimenia dated March 20, 2018 ("Alimenia Aff.") which attached at Exhibit D a Statement of Damages. *See* Alimenia Aff., Exh. D, ECF No. 9.  According to the Statement of Damages, Plaintiffs seek the following:

| | |
|---|---|
| Unpaid Contributions | $5,149.95 |
| Interest on Unpaid Contributions | $  334.74 |
| Liquidated Damages | $1,029.99 |
| Attorneys' Fees and Costs | $  606.75 |
| Accounting Fees | $2,484.51 |
| Audit Interest | $  181.00 |

This matter was referred to the undersigned by District Judge Hurley for the purpose of issuing a report and recommendation on whether Plaintiffs have demonstrated that the motion for damages should be granted, and, if so, to determine the appropriate amount of damages, costs, and/or fees,

2

if any, to be awarded.

## DISCUSSION

"While a party's default is deemed to constitute concession of all well-pleaded allegations of liability, it is not considered an admission of damages. . . . Therefore, once a party's default as to liability is established, a plaintiff still must prove damages." *Joseph v. HDMJ Rest., Inc.*, 970 F. Supp. 2d 131, 149 (E.D.N.Y. 2013). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992). An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citations omitted).

ERISA provides a right of recovery to plaintiffs who have established liability under Section 515 for unpaid contributions, interest, liquidated damages, reasonable attorneys' fees and costs, and such other legal relief as the court may deem appropriate. 29 U.S.C. § 1132(g)(2). In support of their request for an award of damages in the original motion and the renewed motion, Plaintiffs here have submitted the following documents: (1) Attorney's Affirmation in Support of Plaintiffs' Motion for Default Judgement dated Mar. 26, 2018 ("Carney Aff."), attaching the Complaint (Exh. A), proof of service (Exh. B), invoice for process server (Exh. C), attorney time sheets (Exh. D); (2) Alimenia Aff. attaching the Collective Bargaining Agreement dated December 1, 2014 ("CBA") (Exh. A), the Assumption Agreement dated March 1, 2014 ((Exh. B); (3) Second Carney Aff. attaching the Policy for the Collection of Delinquent Contributions (Exh. A), Prime Rate History (Exh. B) and the Affidavit of Alan Rossi dated Mar. 1, 2019 (Exh. C) and (4) Memorandum of Law. Here, the documentary evidence submitted by Plaintiffs provide the basis for an award. *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir.

3

1991).  The Court will determine damages based on the documentary evidence.

### A. Unpaid Contributions

ERISA section 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A), provides for an award of unpaid

contributions by Defendant.  An audit report provides sufficient proof of damages for unpaid

fringe benefit contributions. *Trs. of the Operative Plasterers' & Cement Masons' Int'l Ass'n*

*Local 262 Welfare Fund v. Emerald Drywall Finishing Corp.*, No. 14-CV-4631 (JGK) (JLC),

2015 U.S. Dist. LEXIS 100467, 2015 WL 4621534 (S.D.N.Y. July 31, 2015).  In connection

with their original motion, Plaintiffs submitted an Audit Report establishing that Defendant has

failed to make contributions to the funds for the period July 1, 2014 through December 31, 2016.

Alimenia Aff., Ex. C.  For the period January 1, 2015- December 31, 2015, the Audit Report

reflects unpaid contributions of $2,761.08. *Id.*  For the period January 1, 2016- December 31,

2016, the Audit Report reflects unpaid contributions of $2,388.87. *Id.*  Accordingly, the

undersigned respectfully recommends that Plaintiffs be awarded $5,149.95. in delinquent

contributions.

### B. Interest on Unpaid Contributions

ERISA Section 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B), mandates an award of interest

on unpaid contributions.  The statute provides that "interest on unpaid contributions shall be

determined by using the rate provided for under the plan, or, if none, the rate prescribed under

section 6621 of Title 26 [the Internal Revenue Code of 1986.]" 29 U.S.C. § 1132(g)(2).  Pursuant

to the CBA, an employer that fails to timely make the required contributions is required to pay

the following additional costs: (1) interest at the prime rate as stated in the Federal Reserve

Statistical Release plus 2%; (2) liquidated damages at a rate of 20% of the total delinquency; and

(3) all cost of collecting the payment due, including, without limitation, attorneys' fees and

disbursements. *See* Alimenia Aff., Exh. A.  According to the CBA, interest starts accruing the

4

day after the payments are due.  The Statement of Damages requests interest of $334.74.

In this Court's December 20 report and recommendation Plaintiffs were directed to provide the basis for their interest calculations, including the dates used to determine the applicable interest rate.  Plaintiffs have failed to do so.  Because the original audit revealing the delinquent contributions was conducted on or before February 8, 2017,[1] annual interest has been accruing since at least then.  *See Annuity, Welfare, & Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs, Local 15, 15A, 15C & 15D, AFL-CIO v. Barbella Envtl. Tech., Inc.*, No. 17-CV-4397 (CBA), 2018 U.S. Dist. LEXIS 34770 (S.D.N.Y. Mar. 1, 2018); *Bd. Of Trs. Of Pointers, Cleaners & Caulkers Welfare Fund, Pension Fund and Annuity Fund v. Super Eagle Contracting Inc.*, No. 12 CV 399, 2013 U.S. Dist. LEXIS 31499, 2013 WL 802034 at *4 (E.D.N.Y. Jan. 16, 2013), adopted by 2013 U.S. Dist. LEXIS 31501, 2013 WL 802847 (E.D.N.Y. March 5, 2013).  Therefore, the undersigned respectfully recommends that the amount of interest on the unpaid contributions should be calculated from the date of the audit.

On the Statement of Damages attached as Exhibit D to the Alimenia Affidavit and also in Paragraph 5 of the Rossi Affidavit, attached as Exh. C to the Second Carney Aff.  Plaintiffs request interest at the rate of 6.5%, using a prime rate of 4.5% plus 2%.  According to the Second Carney Aff., Plaintiffs used the prime rate applicable in December 2017, the date of the default motion as the basis for the interest calculation.  Between March 2017 and December 2018 the prime rate fluctuated between 4 % and 5.5%.  "Courts may use an average of the applicable rates during the relevant time period rather than calculating interest quarterly." *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs Local 15, 15A, 15C & 15D, AFL-CIO v. Barbella Envtl. Tech., Inc.*, No. 17-CV-4397 (CBA), 2018 U.S. Dist. LEXIS 34770, 2018 WL 4403393, at *1 n.1 (E.D.N.Y. Mar. 1, 2018), (citing *Bd. of Trustees of United Union of*

---

[1] Rossi Affidavit, attached as Exh. C to the Second Carney Aff. at ¶4.

*Roofers, Waterproofers & Allied Workers Local Union No. 8 Annuity, Pension, Summer Benefit, Winter Benefit, & Welfare Funds v. J. Murphy Roofing & Sheet Metal, Inc.,* No. 13-cv-3807, 2015 U.S. Dist. LEXIS 125161, 2015 WL 5536598, at *6 (E.D.N.Y. July 6, 2015); *Super Eagle Contracting,* 2013 U.S. Dist. LEXIS 31499, 2013 WL 802034, at *3; *DeLucia v. Gateway,* No. 10-CV-5705 (ARR), 2011 U.S. Dist. LEXIS 88540, 2011 WL 3511098, at *4 (E.D.N.Y. July 6, 2011), adopted, 2011 U.S. Dist. LEXIS 91382, 2011 WL 3511051 (E.D.N.Y. Aug. 10, 2011)). The Court will use the 4.5% prime rate requested to Plaintiffs.

Accordingly, using the accrual date of February 8, 2017, and the rate of 6.5% this Court determines that Plaintiffs are entitled to interest of $790.55 through June 20, 2019 (862 days). These numbers were calculated by utilizing a method previously espoused in this District: taking the number of days for which interest is due and multiplying it by the daily interest rate (the amount of delinquent contributions x 0.065 (yearly interest) /365 days). *See, e.g., Gesualdi v. Reliance Trucking of CG Inc.,* No. 14-cv-4112, 2015 U.S. Dist. LEXIS 47697, at *11 (E.D.N.Y. Mar. 19, 2015). In addition, because the principal amount remains outstanding, daily interest at that rate should continue to accrue for each day until judgment is entered. *Id.* Plaintiffs shall be entitled to interest of $0.91 per diem through the date final judgment is entered.

"Although the audit reports . . . set forth 'interest due' in connection with the unpaid contributions, they do not describe how such amounts are calculated, and [Plaintiffs] do not otherwise provide an adequate explanation in this regard." *Trs. of the Bldg. Trades Educ. Ben. Fund v. Pegasus Elec., Inc.,* No. 17-CV-3450 (JFB)(SIL), 2019 U.S. Dist. LEXIS 9399, 2019 WL 245457 (E.D.N.Y. Jan. 17, 2019). In the Rossi Affidavit, he provides that basis of the interest calculation, stating that the rate applied was 2% and it was compounded daily for 730 day, however, this does not explain how this is distinguished from the interest provided for by ERISA. Plaintiffs are, pursuant to ERISA, entitled to interest calculated at a rate of 6.5% accruing from the date of the audit, February 8, 2017. "Absent an explanation regarding the nature of the additional 'audit interest' sought, the

Court deems the [Plaintiffs'] request for these amounts duplicative and improper." *Id.* Accordingly, the undersigned recommends that Plaintiffs request for Audit interest of $181 be denied.

### C. Liquidated Damages

ERISA section 502(g) (2) (C), 29 U.S.C. § 1132(g)(2)(C), also allow for liquidated damages in an amount equal to the greater of interest on the unpaid contributions or liquidated damages in the amount of 20% of the unpaid contributions or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent. 29 U.S.C. § 1132(g)(2)(C). The CBA in this action provides that liquidated damages are to be awarded in an amount equal to twenty percent of the unpaid contributions. *See* Alimenia Aff., Exh. A, p. 17. Here, Plaintiffs seek an award of liquidated damages in the amount of 20% of the unpaid contributions, which according to Plaintiffs is $1,029.99. The undersigned respectfully recommends that liquidated damages be awarded in that amount.

### D. Attorney's Fees

Section 502 (g)(2) of ERISA also mandates awarding reasonable attorneys' fees and costs in ERISA matters brought by fiduciaries to enforce the terms of the CBA. 29 U.S.C. § 1132(g)(2)(D). As a general matter, in determining appropriate attorneys' fees, the "starting point" for calculating a "presumptively reasonable fee," is "the lodestar - the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the loadstar - the product of a reasonable hourly rate and the reasonable number of hours required by the case - creates a 'presumptively reasonably fee'.") (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). The Supreme Court held that "the lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been

7

representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. Ex rel. Winn.*, 559 U.S. 542, 551, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010) (emphasis in the original). "The lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee.'" *Id.* at 553 (citation omitted); *see Arbor Hill Concerned Citizens Neighborhood Assoc.*, 522 F.3d at 184, 190-91 (holding a court determines a "presumptively reasonable fee" by considering case specific factors in order to establish a reasonable hourly rate that a "reasonable, paying client would be willing to pay," and then multiplying that rate by the number of reasonable hours). This assessment is undertaken "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Assoc.*, 522 F.3d at 190. The reasonableness of hourly rates are guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n. 11(1984, 104 S. Ct. 1541, 79 L. Ed. 2d 891), and the relevant community is generally the "district in which the court sits," *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983). Moreover, "[t]he burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed," *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 291 (E.D.N.Y. 2012), and this Circuit requires contemporaneous billing records for each attorney, *see Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011). Finally, there is a "strong presumption" that the loadstar represents the appropriate award, though "enhancements may be awarded in rare and exceptional circumstances." *Perdue*, 559 U.S. at 552.

Plaintiffs seek an award of attorneys' fees of $2,600, which includes 10.5 billable hours at $200 per hour and a flat fee of $500 to prepare and audit demand letter. *See* Carney Aff. ¶ 12. When fixing a reasonable rate for the attorneys' fees, it is appropriate, however, for a court to

8

consider and apply the prevailing market rates in the relevant community for similar legal work of lawyers of reasonable comparable skill, experience and reputation. *See Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009). A party seeking an award of attorneys' fees must support that request with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1154 (2d Cir. 1983).

The party seeking reimbursement of attorneys' fees bears the burden of proving the reasonableness and necessity of hours spent and rates charged. *See generally N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983). In making a fee determination, "district courts have broad discretion, using 'their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent and the rates charged in a given case.'" *AW Indus., Inc. v. Sleep Well Mattress, Inc.*, No. 07-cv-3969, 2009 U.S. Dist. LEXIS 123343, 2009 WL 485186, at *5 (E.D.N.Y. Feb. 26, 2009) (quoting Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir.1992)).

Hourly rates in the Eastern District of New York generally range "from $300 to $450 per hour for partners, $200 to $300 for senior associates, [and] $100 to $200 for junior associates." *Marshall v. Reisman*, No. 11-CV-5764 (ARR) (VVP), 2013 U.S. Dist. LEXIS 55727, 2013 WL 1563335, at *2 (E.D.N.Y. Mar. 25, 2013). The hourly rate requested for the services rendered by Attorney Carney, $200, falls squarely within the parameters found reasonable by other courts in this District for ERISA collections litigation. *See Small v. New York City Transit Auth.*, No. CV 2003-2139 (SLT)(MDG), 2014 U.S. Dist. LEXIS 39582, 2014 WL 1236619, at *5 (E.D.N.Y. Mar. 25, 2014) ($200—$300 per hour for senior associates). In fact, the Court finds the hourly rate of $200 to be on the low end for an attorney practicing for 20 years in this type of ERISA litigation. Therefore, the Court recommends that Attorney Carney's hourly rate be approved.

9

Having determined the reasonable hourly rates to be used in this case, the Court now turns to the reasonableness of the hours billed. "The number of hours counsel spends on an action will be determined unreasonable if found to be excessive, duplicative, or unnecessary." *Finkel v. Metro Sign & Maint. Corp.*, No. 09-CV-4416 (SJ)(CLP), 2010 U.S. Dist. LEXIS 106528, 2010 WL 3940448, at *16 (E.D.N.Y. Aug. 12, 2010) (citing *Labarbera v. Frank J. Batchelder Transp. LLC*, No. 08-CV-3387 (SJ)(JMA), 2009 WL 245021, at *4 (E.D.N.Y. Feb. 2, 2009)). Here, the record reflects that the attorneys spent 10.5 hours on this matter. Carney Aff. ¶ 12, Exh. D. The time records submitted here describe what tasks were performed on behalf of the Plaintiffs, the dates on which they were performed, and the amount of time expended. I find this time reasonable, and therefore respectfully recommend that that Plaintiffs be awarded attorneys' fees of $2,100.00.

In addition to reimbursement for hour spent, Plaintiffs also request for reimbursement of a flat fee of $500. This request has been rejected by several Courts within this district as excessive. *See, e.g., Pegasus,* 2019 U.S. Dist. LEXIS 9399; *Trs. of Operative Plasters & Cement Masons' Int'l Ass'n Local 262 Welfare Fund v. Imperium Constr., Inc.,* No. 15 CV 6269 (SJ)(LB), 2016 U.S. Dist. LEXIS 95554, at *18 (E.D.N.Y. July 20, 2016) ("Her $500 charge for 0.5 hours of work is equivalent to billing at the rate of $1,000 per hour. Because Ms. Carney has not provided more information as to the basis for this $500 fee, this Court will not award it"); *Trs. of the Operative Plasters & Cement Masons' Int'l Ass'n v. Mimosa Int'l, Ltd*, No. 10 Civ. 2168 (DF), 2013 U.S. Dist. LEXIS 57350, 2013 WL 1718913, at *11 (S.D.N.Y. Apr. 16, 2013) ("Plaintiffs have pointed to no source for such an obligation in this case. Further, charging $500 is the equivalent of billing for 2.5 hours at the rate of $200 per hour—an excessive amount of time to spend on a demand letter."). Thus, the undersigned recommends that this flat fee request be rejected.

Finally, Plaintiffs seek and the undersigned recommends that Plaintiffs be awarded $606.75 in costs for the filing fees and process server fees. *See, e.g., Gesualdi v. Blue Jay Estates Dev. Corp.*, No. 13-CV-6171 (ADS)(AKT), 2015 U.S. Dist. LEXIS 33773, 2015 WL 1247079, at *16 (E.D.N.Y. Mar. 18, 2015); *Trs. of the Sheet Metal Workers' Nat'l Pension Fund v. Leading Edge Metal Works LLC*, No. CV 14-5064 (ADS)(ARL), 2015 U.S. Dist. LEXIS 129438, 2015 WL 5664390 (E.D.N.Y. July 17, 2015).

Accordingly, the undersigned respectfully reports and recommends that Plaintiffs be awarded $2,100.00 in attorneys' fees and $606.75 in costs.

### E. Accounting Fee

Section 1132(g)(2)(E) of ERISA authorizes "such other legal and equitable relief as a court deems appropriate." 29 U.S.C. 1132(g)(2)(E). "Based on this language, courts have routinely interpreted [Section] 1132(g)(2)(E) of ERISA to authorize the cost of audits as part of the damages award." *Gesualdi v. J.M.R. Concrete Corp.*, No. 16-CV-4210 (ADS) (SIL), 2018 U.S. Dist. LEXIS 6127, 2018 WL 614975, at *6 (E.D.N.Y. Jan. 11, 2018), adopted by, 2018 U.S. Dist. LEXIS 14008, 2018 WL 611693 (E.D.N.Y. Jan. 29, 2018). The CBA authorizes "all costs of collecting the payments due," which would include accounting fees. *See* Alimenia Aff., Exh. A, p.17. Plaintiffs seek to recover an "accounting fee" of $2,488.51. *See id.* at Exh. D, Statement of Damages. Accordingly, the undersigned respectfully recommends that Plaintiffs' request for reimbursement of an "accounting fee" be granted.

### OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for the Plaintiffs shall serve a copy of this Report and Recommendation on the Defendant upon receipt and shall file proof of service with the Court. Any objections to this

Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service.  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See* 28 U.S.C. §636(b)(1); FED. R. CIV. 72; *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).


Dated: Central Islip, New York
      July 1, 2019

_____s/_____
ARLENE R. LINDSAY
United States Magistrate Judge
